**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**SCOTTY ROACH,**

     **Petitioner,**

**v.**            **Civil Action No. 3:19-CV-78
(GROH)**

**CHRISTOPHER GOMEZ,
Warden, FCI Gilmer,**

     **Respondent.**

### REPORT AND RECOMMENDATION

#### I. INTRODUCTION

  On May 17, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1[1].  Petitioner is a federal inmate housed at FCI Gilmer who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Middle District of North Carolina. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

---

[1] All CM/ECF references are to the instant case, 3:19-CV-78, unless otherwise noted.

## II.   FACTUAL AND PROCEDURAL HISTORY[2]

### A. Conviction, Sentence and Direct Appeal in case number 6:93-CR-122

On June 1, 1993, a grand jury in the Middle District of North Carolina indicted Petitioner and charged him in Count 2 with bank robbery with a dangerous weapon, in violation of 18 U.S.C. § 2113(d), and in Count 3 with carry and use of a firearm during bank robbery, in violation of 18 U.S.C. § 924(c)(1).   ECF No. 1.   This robbery occurred on April 5, 1993.  U.S. v. Roach, 65 F.3d 167 (4th Cir. 1995)

On July 6, 1993, a plea agreement was filed with the Court, and Petitioner entered his plea to Counts 2 and 3 of the indictment.   ECF No 21.   Petitioner was sentenced on March 3, 1994, to 262 months of imprisonment on Count 2, and to 60 months of imprisonment on Count 3, with those sentences to be served consecutively to one another.   ECF Nos. 35, 38.   According to the Inmate Locator[3] for the Bureau of Prisons, Petitioner's projected release date is October 31, 2033.

Petitioner filed a notice of appeal with the Fourth Circuit in docket number 94-5162 on February 22, 1994.   ECF No. 36.   The Fourth Circuit affirmed the judgment of the district court by opinion filed September 5, 1995.  ECF No. 56, U.S. v. Roach, 65 F.3d 167.

### B.   Conviction, Sentence and Direct Appeal in case number 2:93-CV-205[4]

On September 27, 1993, while 6:93-CR-122 was pending, a grand jury indicted

---

[2] All CM/ECF references in Sections II.A., and II.C. refer to entries in the docket of Criminal Action No. 6:93-CR-122 in the Middle District of North Carolina, Winston-Salem Division.

[3] https://www.bop.gov/inmateloc/

[4] All CM/ECF references in Sections II.B., and II.D. refer to entries in the docket of Criminal Action No. 2:93-CR-205 in the Middle District of North Carolina, Winston-Salem Division.

Petitioner and charged him with bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2, bank robbery with a dangerous weapon, in violation of 18 U.S.C. §§ 2113(d) and 2, and carry and use of a firearm during bank robbery, in violation of 18 U.S.C. § 924(c)(1).  ECF No. 1.  This bank robbery occurred on March 18, 1993.  U.S. v. Roach, 65 F.3d 167.

On November 9, 1993, a jury found Petitioner guilty of all three offenses. ECF No. 15.  An amended judgment was entered on February 3, 1994, which sentenced Petitioner on Counts 1 and 2 to 262 months of imprisonment, to run concurrently with the sentence imposed in Count 2 of 6:93-CR-122, and on Count 3 to 240 months of imprisonment to be served consecutively to the 262-month sentence imposed in Counts 1 and 2 .  ECF No. 23.

On September 5, 1995, the Fourth Circuit Court of appeals, in case number 94-5163, affirmed Petitioner's conviction and sentence, in the consolidated appeal with 94-5162.  ECF No. 39, U.S. v. Roach, 65 F.3d 167.

### C.    Post-Conviction Relief: Motions to Vacate under 28 U.S.C. § 2255 in 6:93-CR-122

Petitioner filed a pro-se motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and a memorandum in support thereof, on April 10, 1998.  ECF Nos. 64, 65.  The district court dismissed that motion on the same date.  ECF No. 66. Petitioner refiled his motion to vacate on May 21, 1998.  ECF Nos. 67, 68.  On November 3, 1998, the magistrate judge recommended that the § 2255 motion be dismissed.  ECF No. 75.  An interlocutory appeal was filed on December 28, 1998, in the Fourth Circuit, case number 99-6019.  ECF Nos. 81 – 83.  The case was referred to the chief judge of the district, who on January 15, 1999, dismissed the

§ 2255 motion, because it was filed beyond the one-year limitation period.  ECF No. 86.  The Fourth Circuit dismissed the appeal on June 1, 1999, in that court's docket 99-6019.  ECF No. 89, U.S. v. Roach, 181 F.3d 94 (4th Cir. 1999).

Petitioner filed another motion to vacate under § 2255 on September 2, 2015.  ECF No. 135.  The magistrate judge recommended the action be dismissed on September 28, 2015, for failure to obtain certification by filing a motion for authorization in the court of appeals.  ECF No. 136.  On January 28, 2016, the district court adopted the recommendation of the magistrate judge.  ECF No. 141.

### D.  Post-Conviction Relief Motion to Vacate under 28 U.S.C. § 2255 in 2:93-CV-205

On April 10, 1998, the same date Petitioner filed a motion to vacate in 6:93-CV-122, Petitioner filed a motion to vacate under § 2255, and supporting memorandum in 2:93-CV-205.  ECF Nos. 45, 46.  As in 6:93-CV-122, the district court dismissed that motion on the same date.  ECF No. 47.  Petitioner refiled the motion on the court-approved form along with a memorandum of law on May 21, 1998  ECF Nos. 48, 49.  On December 14, 1998, the § 2255 motion was dismissed.  ECF No. 67.  Petitioner filed a notice of intent to appeal with the Fourth Circuit, on December 30, 1998, in case number 99-6082.  ECF No. 69.  The appeals in 6:93-CV-122 and 2:93-CV-205 were consolidated on January 26, 1999.  ECF No. 74.  On June 1, 1999, the Fourth Circuit, by unpublished opinion, dismissed the consolidated appeals[5] of 99-6019 and 99-6082.  U.S. v. Roach, 181 F.3d 94 (4th

---

[5]  Petitioner also appealed to the Fourth Circuit regarding restitution and Petitioner's motion under Fed.R.Civ.P. 60(b), but the district court's determinations were affirmed.  U.S. v. Roach, 1 Fed. Appx. 223 (4th Cir. 2001).  Petitioner later appealed to the Fourth Circuit regarding the execution of the restitution portion of his sentence, and although the court vacated and remanded the matter with instructions,

Cir. 1999).

### E.   Post-Conviction Relief Motion to Vacate under 28 U.S.C. § 2255 in both 6:93-CV-122 and 2:93-CV-205

On June 29, 2016, Petitioner filed another motion for relief[6] under § 2255, accompanied by authorization from the court of appeals, based on the new rule of constitutional law announced in Johnson v. United States, 135 S.Ct. 2551 (2015), to file a successive application for post-conviction relief.  6:93-CV-122, ECF Nos. 143, 143-2, 143-3, 2:93-CV-205, ECF Nos. 103.  Following motions being filed by the government and Petitioner, on April 2, 2019, the magistrate judge recommended dismissal of the motion to vacate.  6:93-CV-122, ECF No. 151, 2:93-CV-205, ECF No. 111.  The district court adopted the recommendation of the magistrate judge on May 2, 2019.  6:93-CV-122, ECF No. 154, 2:93-CV-205, ECF No. 114.

### F.   Claims in Instant § 2241 Petition

The instant § 2241 petition filed with the Court on May 17, 2019, states a single ground for relief.  ECF No. 1 at 5.  Petitioner contends that his second § 924(c) "stacked charged must be dismissed per the Fair Sentencing Act."  Id.  Petitioner explains that those charges violate "the clarification that Congress stated in [§] 403(a) of the First Step Act of 2018."  Id.  For relief, Petitioner requests the Court vacate the second § 924(c) conviction and remand his case "for resentencing without that charge."  ECF Nos. 1 at 8.

---

however, that appeal did not concern the fact or duration of his sentence.  U.S. V. Roach, 42 Fed. Appx. 640 (2002).
   [6]  The motion was also assigned a civil action number in the Middle District of North Carolina, 1:16-CV-842.

### III.   LEGAL STANDARDS

#### A.   Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.   Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

### C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV.    ANALYSIS

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[8] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[9] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is

---

[8]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.    The date on which the judgment of conviction becomes final;

    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[9]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>.  <u>Id.</u>

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging

the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

In the sole ground for relief articulated in the petition, Petitioner claims his "stacked sentences" violated either the Fair Sentencing Act or the First Step Act[10] of 2018. However, in his request for relief, Petitioner also asks the Court to vacate his second § 924(c) conviction.

Petitioner's sole ground for relief related to his second § 924(c) conviction is that his conviction is no longer valid based on the First Step Act of 2018. ECF No. 1. Because Petitioner's direct appeal rights have expired and Petitioner has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong. Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted

---

[10]    Petitioner cites to the "Fair Sentencing Act of 2018" and the "First Step Act of 2018". ECF No. 1 at 5. However, the Fair Sentencing Act was passed in 2010, and the First Step Act was passed in 2018. Both acts affected sentencing.

has not changed so that Petitioner's conduct is no longer deemed to be criminal.  The crimes Petitioner was convicted of committing—bank robbery, in violation of 18 U.S.C. § 2113(a); bank robbery with a dangerous weapon, in violation of 18 U.S.C. § 2113(d) and 18 U.S.C. § 2; and carry and use of a firearm during bank robbery, in violation of 18 U.S.C. §§ 924(c)(1)—are still violations of law.  Therefore, Petitioner cannot satisfy the second prong of Jones.  Consequently, because Petitioner in attacking the validity of his conviction fails to establish that he meets the Jones requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.

As to his challenge to his sentence, Petitioner claims that his consecutive sentences for his 924(c) convictions are invalid based on the First Step Act.  However, Petitioner's reliance on the First Step Act is misplaced.  The Fourth Circuit has held that the appropriate vehicle for a First Step Act motion is under 18 U.S.C. § 3582(c)(1)(B).  United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019).

Because Petitioner's direct appeal rights have expired, he may seek leave to file a § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.  But Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, and relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his sentence in a § 2241, he must meet four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In his challenge to his sentence, even if Petitioner meets the first prong of <u>Wheeler</u>, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review. Petitioner cannot satisfy the second <u>Wheeler</u> prong because the statute he relies on, the First Step Act, has been held to be properly addressed in § 3582, not a habeas corpus proceeding under § 2241. Further, his reliance on the First Step Act is faulty, as it has not been ruled to apply retroactively to cases on collateral review. Therefore, Petitioner fails to satisfy the § 2255(e) savings clause and this Court need not consider whether he meets the remaining prongs of <u>Wheeler</u>. Because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, as to his claim pursuant to the First Step Act, his challenge to his sentence may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which**

**objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:       September 16, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE